IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| KANAKA INDUSTRIAL PROJECTS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civ. No. 11-00553 ACK-KSC ) |
| GOLDEN STATE BIOFUELS, LLC, et al. | ) ) ) |
| Defendants. | ) ) ) |

## ORDER DENYING PLAINTIFF'S REQUEST FOR COURT APPROVAL OF VOLUNTARY DISMISSAL AND OF FORM OF NOTICE

On September 13, 2011, Plaintiff Kanaka Industrial Projects, LLC, which owns fifteen of the ninety-eight issued and outstanding voting member ownership units of Defendant Golden State Biofuels, LLC, filed this derivative action against Golden State and two of its officers, Richard Figueroa and Celine Figueroa, who hold sixty-seven of the issued and outstanding voting member ownership units. (Compl. ¶¶ 1, 3, 5, 8, ECF No. 1.) The complaint generally alleges that the Figueroas have breached their fiduciary duties to Golden State by steering Golden State's business opportunities toward other entities controlled by the Figueroas. (Id. ¶¶ 10-14.) Among other things, the complaint seeks damages and expulsion of the Figueroas from ownership of member owner units in Golden State and from their roles as officers of Golden State. (Id. at 7-8.)

-1-

Plaintiff now seeks to voluntarily dismiss the action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (See ECF No. 21.) Both Golden State and the Figueroas have filed statements of no opposition to the dismissal. (ECF Nos. 22, 24.)

In an ordinary action, a plaintiff may voluntarily dismiss a complaint without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In this case, the Figueroas have filed a motion to dismiss the complaint. (ECF No. 13.) But no answer or motion for summary judgment has been filed by any party. The case therefore satisfies the requirements of voluntary dismissal in ordinary cases.

Yet Rule 41(a)(1)(A) is subject to Federal Rule of Civil Procedure 23.1(c), which provides that derivative actions such as this one "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c). The rule further provides that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Id.; see also Cramer v. Gen. Tel. & Elecs. Corp, 582 F.2d 259, 268-69 (3d Cir. 1978) (discussing the reasons for the notice

requirement); Papilsky v. Berndt, 466 F.2d 251, 257-58 (2d Cir. 1972) (same).

The Court finds that Plaintiff's current submission is deficient both as to the proposed form of notice and as to the proposed method of notice.

As to the form of notice, "[a]ny notice of settlement or voluntary dismissal must provide sufficient information to allow the [members] to make an informed choice regarding whether to intervene to challenge the proposed disposition of the litigation."  5 Moore's Federal Practice § 23.1.10[1][b] (Matthew Bender 3d ed.) (citing Bell Atl. Corp. v. Bolger, 2 F.3d 1304, 1317-18 (3d Cir. 1993) (finding that a notice of a settlement was adequate when it "summarized the . . . matter, the procedural history, the parties' contentions, the issues involved, the reasons each party recommended settlement, and the terms of the settlement agreement," and also "advised shareholders of their right to object, the consequences of not doing so, and how to go about obtaining further information available on file with the court"); Maher v. Zapata Corp, 714 F.2d 436, 450-53 (5th Cir. 1983) (same)).  The proposed notice fails to describe the pending action or the reasons that Plaintiff has elected to voluntarily dismiss the action, and also fails to inform the non-party members of Golden State of their rights or their ability to obtain further information.  The proposed notice therefore fails

to provide sufficient information to allow the members to make an informed choice about how and whether to proceed in this action.

As to method of notice, while the Court provisionally approves of providing notice to the member owners of Golden State via Priority Mail, the Court cannot, based on the current record, determine whether all member owners are included in the proposed certificate of service.  The document that Plaintiff filed states that the proposed certificate of service "lists the names and addresses of all member owners of record of Golden State Biofuels," but that statement is unsworn and unsupported by a current listing of Golden State's members.

Within thirty days of this order, Plaintiff is DIRECTED to file, for the Court's approval, a proposed notice of voluntary dismissal in keeping with the requirements described above.  The proposed notice shall be accompanied by a current listing of Golden State's members and a sworn statement as to that listing's authenticity.  The proposed notice shall provide, at minimum, thirty days for non-party members to file motions to intervene, objections to the proposed voluntary dismissal, or statements of no opposition.  The Court will set a hearing date for any motions to intervene or objections upon Plaintiff's submission of an adequate proposed notice.

In light of the current posture of the case, the Figueroas' motion to dismiss is DEEMED WITHDRAWN and is

TERMINATED.  The hearing on that motion, currently set for February 21, 2012, is VACATED.  The Figueroas are GRANTED LEAVE to refile their motion to dismiss in the event that this case is not voluntarily dismissed.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaiʻi, December 14, 2011.



_____
Alan C. Kay
Sr. United States District Judge

<u>Kanaka Indus. Projects, LLC v. Golden State Biofuels, LLC</u>, Civ. No. 11-00553 ACK-KSC: Order Denying Plaintiff's Request for Court Approval of Voluntary Dismissal and of Form of Notice